UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DACKERIE JOHNSON** | **CIVIL ACTION NO. 22-166-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **MEDICAL STAFF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Dackerie Johnson, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on January 18, 2022. Plaintiff is incarcerated at the Bossier Parish Maximum Security Center in Plain Dealing, Louisiana, and complains his civil rights were violated by prison officials. Plaintiff names the Medical Staff, Nurse Cyndi Holley, Nurse Molley, Sgt. Gates, Lt. Evans, Deputy Malone, and Nurse J. Johnson as defendants.

Plaintiff has filed a complaint [Doc.1], amended complaint [Doc. 5], and response [Doc.7]. He has provided this court with very few dates in his filings and it is difficult to determine how many incidents he is complaining about and in what order and when they occurred.

In his response, Plaintiff claims that on "11th.21,2022"[1] he complained of pain. He was hit by a train in 2020, and has neck, head, back, and hip pain. He claims Nurse Holley was advised of his condition and he was given over the counter pain medication, IBU.

Plaintiff claims he notified staff that his leg was giving out. He claims he should have seen a doctor and been given a walker or crutch.

Plaintiff's initial claim in his complaint is he fell on the shower floor. He advised the Medical Staff of the incident. He went to the medical department and was seen by Nurse Holley on one visit and Nurse Molley on another visit. He claims Nurse J. Johnson refused to give him the names of the others who saw him.

Plaintiff claims that when he fell on the shower floor, he hurt his neck, reinjured his back, and did more damage to a chipped tooth. He claims he had a bump on his back. He claims his head would not stop hurting. He claims he spit up blood multiple times after the fall. He claims he showed the blood to Nurse Molley and Security. He admits he was given Tylenol and IBUs. He claims he suffered depression from neglect, and this too was ignored.

Plaintiff claims that on December 17, 2021, he made a request through the kiosk and Daniel Taylor answered his request. He claims M. Jester forwarded his kite to the medical department. He claims Molley was shown blood from his fall. He believes the blood came from an injury caused by the train incident which he reinjured when he fell. He claims he felt pain through his back and then his left leg lost strength.

---

[1] The court assumes Plaintiff meant November 21, 2021 since he filed this response on March 29, 2022.

Plaintiff filed an amended complaint in which he claims he contacted Cyndi Holley about neck pains, and nothing was done. He then wrote Lt. Evans requesting that Security make the medical department do something about his problem. He claims he saw Nurse Molley and she did nothing for him. He claims he then contacted Sgt. Gates and he said he would talk to the medical staff. Plaintiff admits he was then placed on the doctor call out list. He claims the doctor checked his legs, but his complaint was his back. He claims he showed the doctor his back injuries, including scratches, caused by the fall. He claims he told the doctor that his back sends a sharp pain to his brain and his left leg gives out. He claims Nurse Molley and Deputy Malone were present during the examination. He admits that he was given Tylenol.

Plaintiff claims the medical staff told him that he would have problems with his injuries for the rest of his life. He claims a doctor at Ochsner told him the same thing. Plaintiff claims Nurse Holley should have sent him to the hospital. He also claims he should have received x-rays and a walker or cane. Plaintiff admits he was given Tylenol, IBUs, and Respiradole for his conditions. He further admits he was seen in the infirmary multiple times and examined by a doctor.

Plaintiff attached medical division expense records to his complaint. The records show he received prescriptions on November 19, 2021, November 22, 2021, and November 24, 2021 and he made a sick call on November 22, 2021.

In his amended complaint, Plaintiff also claims he advised Liz Bright, Cyndi Holley, and Lt. Evans of murders he had witnessed. He claims he had difficulty sleeping and

focusing. He claims an attempt on his life and a rape caused him to fall into a state of depression. He claims nothing has changed. He claims he did see a detective, but he did not respond to his allegations.

Plaintiff claims his legal mail was opened twice. He claims one envelope was returned to him opened because it did not have an inmate last name or ID number in the return address. He claims the officer did not stay in front of the cell long enough to open mail in front of him.

Plaintiff claims he is having trouble mailing his legal work. He claims at Bossier Max and Medium he was charged to send his legal work through indigent. He claims he thought his filing fee to proceed was free because he was granted in forma pauperis. He claims his mail is being returned because it does not have enough postage. He claims the mail that came to court from him on March 18 states facts which prove prison officials are tampering with his mail. Plaintiff attaches an envelope that was addressed to his court which was returned to him because an additional twenty cents of postage was required.

Accordingly, Plaintiff seeks an OR bond or enough money to make bond, immediate release, treatment at a hospital by his doctor, a walker, disciplinary action against Defendants, and monetary compensation.

## LAW AND ANALYSIS

**Medical Claims**

Plaintiff claims he was denied adequate medical treatment. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons

"deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.[2]

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

---

[2] It is unclear if Plaintiff is a pretrial detainee or a convicted detainee. However, there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir.1996) (en banc); Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. Plaintiff has failed to demonstrate defendants possessed a culpable state of mind. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff provides documentation that he made a sick call on November 22, 2021 and that he was given prescriptions on November 19, 2021, November 22, 2021, and November 24, 2021. He admits he was seen by Nurse Holley on November 21, 2021 and given over the counter pain medication. He admits he was seen by Nurse Holley and Nurse Molley after his fall in the shower. He also admits that he was seen in the infirmary by other members of the medical staff whose names he did not know. He admits he was given Tylenol and IBUs for his condition. Plaintiff was examined by a doctor and was given Tylenol. He also admits he was given Respiradone. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him. He claims he should have seen a doctor and been transported to the hospital. He claims he should have been x-rayed. He also claims he should have been given a walker, a cane, or a crutch. As

previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Conclusory Claims**

In his amended complaint, Plaintiff claims he advised Liz Bright, Cyndi Holley, and Lt. Evans of murders he had witnessed. He claims he had difficulty sleeping and focusing. He claims an attempt on his life and a rape caused him to fall into a state of depression. He claims nothing has changed. He claims he did see a detective, but he did not respond to his allegations.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. <u>Elliot v. Perez</u>, 751 F.2d 1472, 1473 (5th Cir. 1985); <u>Hale v. Harney</u>, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Mail Claims**

Plaintiff claims his legal mail was opened twice. First, he claims one envelope was returned to him opened because it did not have an inmate last name or ID number in the return address. Second, he claims the officer was not in front of his cell long enough to open mail in front of him. Third, he claims his legal mail is being returned to him because it does not have enough postage.

The opening of a prisoner's legal mail outside of his presence does not rise to the level of a constitutional violation. <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 825 (5th Cir.2009) (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional

rights" when there is no proof that such tampering was prejudicial to the inmate's access to the courts and when the practice was reasonably related to legitimate penological interests); Henthorn v. Swinson, 955 F.2d 351, 353 (5th Cir.1992) (rejecting a complaint concerning the opening of legal mail not bearing the required "special mail" inscription outside of an inmate's presence); see also Singletary v. Stadler, 2001 WL 1131949 (5th Cir.2001) (unpublished per curiam ) (affirming that "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected"). This is still true even if the prison has a policy that such mail is to be opened only in the inmate's presence, because "a prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation." Samford v. Dretke, 562 F.3d 674, 681 (5th Cir. 2009).

Plaintiff does not explicitly allege a violation of his First Amendment rights. He claims he is charged to mail legal work and it is returned to him if the postage is insufficient. To the extent he attempts to state a claim for a violation of his First Amendment rights, the claim fails.

Prisoners have a First Amendment right to send mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). Because prisoners cannot be denied access to the courts, prison officials must provide stamps, at state expense, to indigent inmates for mailing legal documents. Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Mayfield v. Wilkinson, 117 F. App'x 939, 940 (5th Cir. 2004). Prison officials nevertheless are permitted to recoup such expenses from funds deposited into the inmate's trust fund account. Mayfield, 117 F. App'x at 940 (citing Guajardo v. Estelle, 580 F.2d 748, 762-63 (5th Cir. 1978)). Thus, to the extent Plaintiff complains he is entitled to free correspondence, his claim fails. Id.; Walker v. Davis, 533 F. App'x 471, 471 (5th Cir. 2013); Hogan v. Peterson, 12-901, 2013 WL 3833043, at 1 (W.D. Tex. Jul. 23, 2013).

Furthermore, the State has no obligation to provide unlimited free postage. See Shirley v. Dretke, No. 2:05-CV-41, 2005 WL 1639309 at 3 (N.D. Tex., July 8, 2005) (prisoner's First Amendment challenges to "the five-letter weekly limit for indigent legal mail and the postage charged to inmates" is frivolous because the "state, outside the sphere of access to courts, has no obligation to provide free postage to indigent inmates for any mail"); McCubbins v. Richerson, 2:19-CV-294, 2020 WL 1889010, at 3 (S.D. Tex. Feb. 3, 2020), report and recommendation adopted, 2020 WL 949241 (S.D. Tex. Feb. 27, 2020), appeal dismissed, 20-40189, 2020 WL 5413002 (5th Cir. Apr. 20, 2020).

Plaintiff has no right to send unlimited indigent mail. He has not alleged that any Defendant or prison correspondence policy has restricted his ability to send legal mail or otherwise impacted his ability to access the courts. In fact, he was able to send to this court the correspondence that was returned to him for insufficient postage.

Accordingly, these claims should be dismissed with prejudice as frivolous.

**HABEAS CLAIM**

Plaintiff seeks his release from incarceration. Such relief is not available in a civil rights action. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. Plaintiff fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

### CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28

U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge